Zittman v HSBC Bank USA, N.A. (2024 NY Slip Op 01125)

Zittman v HSBC Bank USA, N.A.

2024 NY Slip Op 01125

Decided on February 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 29, 2024

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 656038/21 Appeal No. 1773 Case No. 2023-01874 

[*1]Mark A. Zittman et al., Plaintiffs-Appellants,
v
HSBC Bank USA, N.A., as Trustee, Defendant-Respondent.

Lundin PLLC, New York (John M. Lundin of counsel), for appellants.
Williams & Connolly LLP, New York (Lauren H. Uhlig of counsel), for respondent.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about March 21, 2023, which, to the extent appealed from as limited by the briefs, granted defendant's motion pursuant to CPLR 3211(a)(1), (5) and (7) to dismiss claims relating to Deutsche Alt-A Securities Mortgage Pass-Through Certificates Series 2006-AR1 (DBALT 2006-AR1), Deutsche Alt-A Securities Mortgage Pass-Through Certificates Series 2006-AR6 (DBALT 2006-AR6), Sequoia Mortgage Trust (SEMT) 2007-1, SEMT 2007-3, SG Mortgage Securities Trust 2006-FRE1 (SGMS), Wells Fargo Home Equity Asset-Backed Certificates (WFHET) Series 2006-1, and WFHET Series 2007-2, unanimously affirmed, without costs.
Plaintiffs purchased certificates in the above-named residential mortgage-backed securities (RMBS) trusts for which defendant HSBC Bank USA, N.A. served as trustee. Each trust is governed by a pooling and servicing agreement (PSA) which contain provisions about missing or defective documents. As the basis for its breach of contract claim, plaintiffs allege that HSBC breached its duty by not enforcing the duty of the obligor (referred to as sponsor, seller, originator, depositor, etc. in the various PSAs) to repurchase the affected loans following the obligors' failure to cure the document defects in the trusts' mortgage files.
The DBALT PSA, in section 2.3(a), provided a time to perform, specifically, the trustee shall enforce the obligor's repurchase obligations "within 90 days after the date on which the [obligor] was notified of [a] missing document [or] defect." Plaintiffs' claims accrued no later than one year after the trusts closed in 2007. Therefore, the claims pertaining to DBALT were expired and properly dismissed by the motion court.
Further, the motion court correctly determined that the expiration of the obligor's cure period for the SEMT, SGMS and WFHET trusts cannot be determined. As a result, the outer limit for timeliness for plaintiffs' claims that defendant failed to enforce the obligor's repurchase obligation to repurchase a loan that had missing or defective documents is 12 years after the expiration of the obligor's cure period. That is, six years for the statute of limitations on the underlying repurchase claims to expire, plus six years for the statute of limitations on the repurchase enforcement claims to expire (see CPLR 213[2]).
Here, the PSA for SGMS was executed between April 27 and May 11, 2006, the PSA for WFHET 2006 was executed on May 30, 2006, the PSA for SEMT 2007-1 is dated as of March 1, 2007, the PSA for SEMT 2007-3 is dated as of July 1, 2007, and the PSA for WFHET 2007 was executed on April 20, 2007. Adding six plus six years to these dates, plaintiffs' time to sue expired on May 11, 2018 for SGMS; May 30, 2018 for WFHET 2006; March 1, 2019 for SEMT 2007-1; July 1, 2019 for SEMT 2007-3; and April 20, 2019 for WFHET 2007. Plaintiffs' claims against each of these trusts are therefore time-barred because they did not commence the first of [*2]these consolidated actions until October 19, 2021 and the second action was commenced on December 14, 2021.
Contrary to plaintiffs' argument, the case of BlackRock Balanced Capital Portfolio (FI) v HSBC Bank USA, Natl. Assn., 2016 U.S. Dist. LEXIS 193613, [SD NY, Jun. 2, 2016, 14-CV-09366 (LGS)(SN) does not toll their contract claims. BlackRock did not involve the same claim as the case before us, i.e. the loan document defect claim. Rather, the BlackRock claims related to, among other things, origination and servicing abuses (Id. at *37). Accordingly, class action tolling does not apply (see American Pipe & Constr. Co. v Utah, 415 US 538, 554 [1977]; Chavez v Occidental Chem. Corp., 35 NY3d 492, 504-506 [2020]); Singer v Eli Lilly and Co., 153 AD2d 210, 220 [1st Dept 1990] [noting that American Pipe did not hold that plaintiffs could raise "different or peripheral claims" and still receive the benefit of class action tolling] [internal quotation marks and citation omitted]).
We have considered plaintiffs' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 29, 2024